UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DUCHINE,

    Petitioner,

  v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

Case No. 15-cv-03529-KAW (PR)

**ORDER DISMISSING SUCCESSIVE PETITION; DENYING CERTIFICATE OF APPEALABILITY**

On July 31, 2015, Petitioner John Duchine initiated this action by filing a "*Martinez* Motion." On the same date, the Clerk of the Court notified Petitioner that to proceed with a habeas petition, he must file a petition on the proper form for a petition for a writ of habeas corpus.

On August 13, 2015, Petitioner consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. On August 26, 2015, Petitioner filed a letter addressed to the Clerk of the Court indicating that it was his understanding that, for a second or successive habeas petition to be considered, the Court must first rule on his motion under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). On August 31, 2015, Petitioner filed a petition for a writ of habeas corpus on the proper form. The petition indicates that Petitioner is seeking relief from a sentence incurred in 1988, that he appealed to the Court of Appeal and the California Supreme Court in 1989 and that his federal petition for a writ of habeas corpus was denied by the district court in 2003.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") permits second or successive federal habeas petitions only in limited circumstances. *Jones v. Ryan*, 733 F.3d 825, 842 (9th Cir. 2013). In order to file a second or successive petition, a federal habeas petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). This bar can be avoided if the petitioner shows that he is presenting a claim that has not been presented in a prior petition and (A) the "claim relies on a

new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (B) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A) and (B).

Petitioner apparently believes the *Martinez* opinion allows him to file a successive petition under § 2244(b)(2)(A). Not so. In *Martinez*, the Supreme Court held that, "in some circumstances, the ineffective assistance of state post-conviction relief counsel can serve as cause to excuse the procedural default of an ineffective-assistance-of-trial-counsel claim." *Jones*, 733 F.3d at 843. *Martinez* does not, however, meet the requirements of § 2244(b)(2)(A) because it did not announce a new rule of constitutional law. *Id.* (Supreme Court characterized its decision in *Martinez* as an "equitable ruling," not a "constitutional" one, thereby bringing to an end the new-rule exception for a successive petition).

Accordingly, Petitioner's petition is dismissed without prejudice as a second or successive petition. He may only re-file the petition in this Court if he obtains an order from the court of appeals authorizing this Court to consider the petition.

Further, the Court does not issue a certificate of appealability because jurists of reason would not find debatable whether the procedural ruling was correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner is advised that he may not appeal the denial of a certificate of appealability in this Court; rather, he may seek a certificate from the court of appeals.

IT IS SO ORDERED.

Dated: October 9, 2015

*Kandis Westmore*

KANDIS A. WESTMORE
United States Magistrate Judge

2